**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 1:16-cv-00048 |
| | § | |
| vs. | § | **JURY DEMANDED** |
| | § | |
| CARRIAGE PLACE HOMES, INC., f/k/a | § | |
| Carriage Properties, Inc., d/b/a Bridle | § | |
| Homes; and BRIDLE HOMES, INC., | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Design Basics, LLC, files this Complaint against Carriage Place Homes, Inc., formerly known as Carriage Properties, Inc., and doing business as Bridle Homes ("Carriage Place Homes"), and Bridle Homes, Inc. ("Bridle Homes") (collectively referred to as "Defendants"), and for its causes of action alleges the following:

### Parties

1.      Design Basics, LLC, is a Nebraska Limited Liability Company with its principal place of business in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.  Design Basics, LLC, and its predecessor (Design Basics, Inc.) will hereinafter be referred to as "Design Basics."

2.      Design Basics is engaged in the business of creating, marketing, publishing and licensing the use of "architectural works" (as that term is defined in the Copyright Act and the

1

Architectural Works Copyright Protection Act of 1990, both codified at 17 U.S.C.§ 101 et seq.) and technical drawings depicting such architectural works.

3.      Defendant Carriage Place Homes is a corporation organized under the laws of the State of Indiana with its principal place of business in Allen County, Indiana.  Carriage Place Homes may be served through its registered agent, Jeffrey Godfrey, 4208 Tifton Court, Fort Wayne, Indiana 46835.

4.      Defendant Bridle Homes is a corporation organized under the laws of the State of Indiana with its principal place of business in Allen County, Indiana.  Bridle Homes may be served through its registered agent, Jeffrey Godfrey, 4208 Tifton Court, Fort Wayne, Indiana 46835.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1338 because this action arises under federal copyright law, 17 U.S.C. § 101 et seq.

6.      Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found in this District.  Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District; and Defendants reside and do business in this District.

## Factual Background

7.      Design Basics is a building design firm which creates, markets, and licenses the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA")) and technical drawings depicting architectural works.  Design Basics owns copyrights protecting the architectural works and technical drawings it has created.

2

8.      Design Basics is the author and the owner of all copyrights in the following works, each of which has been registered with the United States Copyright Office:

| Title | Registration Certificate No. |
|---|---|
| Plan No. 1032 – Monte Vista | VA 282-203, 694-095 & 752-162 |
| Plan No. 1380 – Paterson | VA 314-024 & 694-094 |
| Plan No. 1748 – Sinclair | VA 371-214, 694-094 & 726-353 |
| Plan No. 1752 – Lancaster | VA 371-204, 694-094 & 756-041 |
| Plan No. 1767 – Rosebury | VA 371-211, 694-095 & 710-605 |
| Plan No. 2248 – Laverton | VA 434-201 & 710-606 |
| Plan No. 2461 – Shawnee | VA 485-129, 694-094 & 726-362 |
| Plan No. 2700 – Creston | VA 542-691, 1-926-490 |
| Plan No. 3006 – Grayson | VA 622-006, 622-005, 694-094, 756-041 & 854-398 |
| Plan No. 3090 – Jarrett | VA 624-153 & 624-154 |
| Plan No. 8013 – Gabriel Bay | VA 729-243 & 729-218 |

9.      The foregoing works described in paragraphs 8 above will be referred to collectively as the "Copyrighted Works."

10.     The Copyrighted Works have been published in various Design Basics plan books and publications.  A chart that identifies some of those Design Basics plan books that published the various Copyrighted Works is attached as Exhibit A.  The Copyrighted Works have also been published by Design Basics on the internet at www.designbasics.com.

11.     Each of the Copyrighted Works constitutes original material that is copyrightable under federal law.

12.     Design Basics is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the works described in paragraph 8 above.

13.     Defendants have been engaged, at least in part, in the business of creating, publishing, distributing and advertising residential home designs through traditional print media, on the internet on sites such as www.carriageplace-homes.com and

3

www.bridlehomes.com, and in marketing, advertising, constructing and selling homes built according to such designs.

14.     Defendants have published, distributed, marketed and advertised certain architectural designs for single family residential homes, each consisting of a floor plan and exterior elevations, that Defendants have identified and marketed under the following model names:  Altai, Ashford, Banei, Bashkir, Bashkir II, Bridgewater 351, Bridgewater 365, Bridgewater 376, Calabrese, Caspian, Caspian II, Connemara, Courtyards Plan 1365, Friesian, Haven, Jamison, Kabardin, Kabardin II, Losino, Messara, Orlov, Rockaway, Sorento 284, Stanhope, Suffolk, Surrey, Tilbury, Tilbury II, Tokara, Toric, Toric II, and Westfalon.

15.     Design Basics' home designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of plan books and other publications and also on the internet, including many websites.

16.     Defendants have been actually aware of Design Basics and the works that Design Basics markets.  At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyrighted Works.

17.     Defendants have violated and continue to violate Design Basics' exclusive rights in each of the Copyrighted Works (including the right to reproduce, the right to prepare derivative works and the right to sell), by copying, publishing, distributing, advertising, marketing, selling and/or constructing in the marketplace, plans, drawings and houses which were copied or otherwise derived from the Copyrighted Works, as detailed by the following examples:

      a.     Defendants' "Friesen" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

4

b. Defendants' "Stanhope" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

c. Defendants' "Tilbury 2" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

d. Defendants' "Ashford" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1380 – Paterson (and any predecessor or derivative thereof).

e. Defendants' "Losino" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1380 – Paterson (and any predecessor or derivative thereof).

f. Defendants' "Messara" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1380 – Paterson (and any predecessor or derivative thereof).

g. Defendants' "Orlov" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1380 – Paterson (and any predecessor or derivative thereof).

h. Defendants' "Surrey" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1748 – Sinclair (and any predecessor or derivative thereof).

i. Defendants' "Jamison" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1767 – Rosebury (and any predecessor or derivative thereof).

j. Defendants' "Haven" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 2461 – Shawnee (and any predecessor or derivative thereof).

k.     Defendants' "Rockaway" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 3006 – Grayson (and any predecessor or derivative thereof).

l.     Defendants' "Banei" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

m.    Defendants' "Connemara" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

n.     Defendants' "Kabardin" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

o.     Defendants' "Kabardin II" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

p.     Defendants' "Tilbury" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

q.     Defendants' "Sorrento Lot 284" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1032 – Monte Vista (and any predecessor or derivative thereof).

r.     Defendants' "Altai" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1380 – Paterson (and any predecessor or derivative thereof).

s.     Defendants' "Suffolk" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1748 – Sinclair (and any predecessor or derivative thereof).

t.  Defendants' "Toric" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 2248 – Laverton (and any predecessor or derivative thereof).

u.  Defendants' "Toric II" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 1752 – Lancaster (and any predecessor or derivative thereof).

v.  Defendants' "Westfalon" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 2700 – Creston (and any predecessor or derivative thereof).

w.  Defendants' "Bashkir" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 3090 – Jarret (and any predecessor or derivative thereof).

x.  Defendants' "Bashkir II" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 3090 – Jarret (and any predecessor or derivative thereof).

y.  Defendants' "Caspian" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 8013 – Gabriel Bay (and any predecessor or derivative thereof).

z.  Defendants' "Tokara" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 8013 – Gabriel Bay (and any predecessor or derivative thereof).

aa.  Defendants' "Courtyard 1365" (and any predecessors, copies or derivatives of that model under the same name or a different name) infringes the Design Basics Plan No. 8013 – Gabriel Bay (and any predecessor or derivative thereof).

**Cause of Action**
**Copyright Infringement**

18.  Design Basics complains of Defendants for copyright infringement and incorporates paragraphs 1 through 17 above by reference.

7

19.     Defendants' construction and sale of houses, and creation of associated design and construction drawings based on Design Basics' Copyrighted Works has infringed and continues to infringe Design Basics' copyrights in the Copyrighted Works.

20.     Defendants' creation and publication of non-pictorial representations based on Design Basics' Copyrighted Works has infringed and is infringing Design Basics' copyrights in the Copyrighted Works.

21.     Design Basics is entitled to recover the actual damages it suffered as a result of the foregoing infringement, and all of Defendants' profits from such infringement, pursuant to 17 U.S.C. § 504(b).

22.     In the alternative to the actual damages and infringer profits sought above, Design Basics is entitled to an award of statutory damages for all infringements of Design Basics' Copyrighted Works, as permitted by 17 U.S.C. § 504(c).

23.     Pursuant to 17 U.S.C. § 505, Defendants are liable for Design Basics' costs and reasonable attorneys' fees incurred in this action.

24.     In addition, Design Basics is entitled to preliminary and permanent injunctions pursuant to 17 U.S.C. § 502 prohibiting Defendants from further infringement of Design Basics' copyrights, including but not limited to the further use of infringing plans, creation or use of derivative plans, and construction, sale or rental of infringing structures.

25.     Furthermore, this Court should issue an order pursuant to 17. U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Copyrighted Works, in possession of Defendants or their agents or contractors in violation of Design Basics' exclusive rights, and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

### Conditions Precedent

26.     With respect to all counts, Design Basics generally avers that all conditions precedent to their rights of recovery have occurred or been performed, or have been waived or excused by Defendants.

### Jury Demand

27.     Pursuant to Federal Rule of Civil Procedure 38, Design Basics respectfully demands a trial by jury of all issues so triable.

WHEREFORE, Design Basics, LLC, prays that defendants Carriage Place Homes, Inc., and Bridle Homes, Inc., be cited to appear and answer; and that upon final trial have and recover from Defendants as set forth above, that they have permanent injunctive relief against Defendants as requested herein, and that they have such and other relief as they may show themselves to be entitled.

Respectfully submitted,

/s/ Sean J. Quinn
John D. LaDue (19039-71)
Sean J. Quinn (29441-71)
LaDue | Curran | Kuehn
200 First Bank Building
205 West Jefferson Boulevard
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
jladue@lck-law.com
squinn@lck-law.com

Attorneys for Plaintiff
Design Basics, LLC

9