# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DESIGN BASICS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:16-CV-48-TLS ) |
| CARRIAGE PLACE HOMES, INC., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Motions for Partial Summary Judgment [ECF Nos. 28–29] filed by Defendants Carriage Place Homes, Inc., and Bridles Homes, Inc., on November 9, 2016. In those Motions, the Defendants argue that the statute of limitations provision in the Copyright Act bars Plaintiff Design Basics LLC's claims based on infringing acts that occurred prior to February 3, 2013 (the "Look-Back Date"). This matter is fully briefed and ripe for review.

## BACKGROUND

The Plaintiff is a Nebraska company that creates, markets, publishes and licenses the use of architectural works and technical drawings. The Defendants are Fort Wayne companies that build homes. On February 3, 2016, the Plaintiff filed a Complaint [ECF No. 1] against the Defendants for "publish[ing], distribut[ing], market[ing], and advertis[ing] certain architectural designs for single family residential homes" that infringe the Plaintiff's copyrighted works. (Compl. ¶¶ 13–24, ECF No. 1.) Defendant Carriage Place has used, and "built homes based on the floor plans alleged to be infringing in Plaintiff's Complaint" prior to and after the lawsuit, spanning both before and after the Look-Back Date, while Defendant Bridle Homes "has not

built any [allegedly infringing] homes since February 3, 2013, and has not built any homes since, at the latest, 2008." (Defs.' Br. in Supp. of Mot. Summ. J. 3, ECF No. 30.) The Defendants filed an Answer [ECF No. 15], which was amended on August April 29, 2016 [ECF No. 19]. On November 9, 2016, the Defendants moved for Partial Summary Judgment. The Plaintiff filed its Response to the Defendants' Motions [ECF No. 35] on November 21, 2016, and the Defendants' Reply [ECF No. 28] was filed on December 5, 2016.

**STANDARD OF REVIEW**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in that party's favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must

construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

## DISCUSSION

This Court has original jurisdiction over copyright claims pursuant to 28 U.S.C. § 1338(a). The Copyright Act states that "[n]o civil action shall be maintained under [its] provisions . . . unless it is commenced within three years after the claim *accrued*." 17 U.S.C. § 507(b) (emphasis added). The Defendants argue that the recent Supreme Court decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), determined that a copyright claim "accrue[s]" at the time of the infringing act. The Plaintiff argues that *Petrella* did not change the Seventh Circuit "discovery rule" that a claim accrues when the injured party discovers or should have discovered with due diligence that an infringing act occurred. The Court must decide which party's interpretation of the law is correct.

*Petrella* concerned the classic film *Raging Bull*, the copyright to which the plaintiff possessed and which she claimed MGM infringed by marketing and distributing it for roughly three decades. 134 S. Ct. at 1970–71. The question before the Supreme Court was limited to the "application of the equitable defense of laches to copyright infringement claims brought within the three-year look-back period." *Id.* at 1972. In discussing the Copyright statute as a whole, the Supreme Court stated that in an infringement suit "the limitations period generally begins to run at the point when 'the plaintiff can file suit and obtain relief.'" *Id.* at 1969. "A copyright claim thus arises or 'accrue[s]' when an infringing act occurs." *Id.* But in a footnote, the Supreme Court noted that "nine Court of Appeals have adopted, as an alternative to the incident of injury

rule, a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim," and that it would "not pass[] on the question" of which one was correct. *Id.* at 1969 n.4. Accordingly, the Supreme Court did not purport to change any accrual laws in its *Petrella* opinion.

A recent Supreme Court decision confirms this reading of *Petrella. See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954 (2017). *SCA Hygiene* presented the same question—whether the equitable defense of laches brought within a statute's limitations period—but in the similar context of the Patent Act. *Id.* at 959. The respondent argued that "the accrual of a claim, the event that triggers the running of a statute of limitations, occurs when a plaintiff knows of a cause of action. *Id.* at 962. The Supreme Court noted that such a statement

> is not ordinarily true. As we wrote in *Petrella,* "[a] claim ordinarily accrues 'when [a] plaintiff has a complete and present cause of action. . . .' " While some claims are subject to a "discovery rule" under which the limitations period begins when the plaintiff discovers or should have discovered the injury giving rise to the claim, that is not a universal feature of statutes of limitations. . . . And in *Petrella,* we specifically noted that "we have not passed on the question" whether the Copyright Act's statute of limitations is governed by such a rule.

*Id.* (citations omitted). *SCA Hygiene* confirms that the Supreme Court has not weighed in, one way or another, on *when* a cause of action accrues for purposes of a copyright claim.

The Seventh Circuit follows the "discovery rule" for accrual purposes. *Gaiman v. McFarlane,* 360 F.3d 644, 653 (7th Cir. 2004). Two Seventh Circuit opinions since *Petrella* confirm that the Supreme Court's decision did not abrogate the discovery rule within this Circuit. Like *Petrella*, *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610 (7th Cir. 2014), involved a defendant's infringing acts that occurred within the "three-year lookback period." *Id.* at 616. To determine if the plaintiff's complaint was time barred, "the right question

to ask . . . [wa]s whether the complaint contain[ed] allegations of infringing acts that occurred within the three-year lookback period from the date on which the suit was filed." *Id.* However, the court "express[ed] no opinion" as to whether "*Petrella* abrogate[d] the discovery rule in copyright cases," *id.* at 618, and thus it was not central to its holding.[1] In *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (7th Cir. 2016), the Seventh Circuit considered a "dispute over copyright *ownership*." *Id.* at 995. The Seventh Circuit stated that "when the gravamen of a copyright suit is a contest over copyright ownership, the claim accrues when the claimant has express notice of a competing claim of ownership." *Id.* at 996. This rule for a copyright ownership claim was distinguished from an infringement claim, the latter of which accrued "at the time the wrong occur[ed]." *Id.* (citing *Petrella*, 134 S. Ct. at 1969). The Court did not discuss *Petrella* further or its impact upon the discovery rule.

Although the discovery rule may be abrogated within this Circuit someday, this Court is "bound to follow Seventh Circuit precedent." *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 887 n.3 (N.D. Ill. 2014) (holding same). As that precedent stands today, the discovery rule controls the determination of when a copyright infringement claim accrues, and *Petrella* does not instruct otherwise. Accordingly, the Plaintiff's claims regarding infringing acts that occurred more than three-years before this action commenced are not barred as a matter of law. The Defendants' Motions for Partial Summary Judgment are denied.

---

[1] In remanding the case, the Seventh Circuit allowed for the possibility that the plaintiff could seek "a right to recover for infringing acts that occurred . . . outside the three-year lookback period," which was not an issue properly before the court. *Id.* Assuming *Petrella* abrogated the discovery rule, such a suggestion would have been impossible because any infringing act that occurred greater than three-years prior would necessarily have fallen outside the three-year lookback period and thus been time barred. The Seventh Circuit's suggestion makes more sense if the discovery rule remained unchanged after *Petrella*, as the plaintiff could seek recovery for infringing acts that occurred outside the three-year lookback period so long as the plaintiff did not have actual or constructive knowledge.

## CONCLUSION

For the foregoing reasons, the Defendants' Motions for Partial Summary Judgment [ECF Nos. 28–29] are DENIED.

SO ORDERED on May 8, 2017.

                                                 s/ Theresa L. Springmann
                                                CHIEF JUDGETHERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT